# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN CENTER FOR LAW AND JUSTICE, <br><br> 201 Maryland Avenue, NE <br> Washington, DC  20002 <br><br>       Plaintiff, <br><br> vs. <br><br><br> UNITED STATES NATIONAL SECURITY AGENCY, <br><br> 9800 Savage Rd., Suite 6272 <br> Ft. George G. Meade, MD 20755-6000 <br><br>       Defendant. | Case Action No. <br><br> **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff American Center for Law and Justice ("ACLJ"), by and through counsel, brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, challenging the failure of Defendant United States National Security Agency ("NSA") to respond to Plaintiff's FOIA request within the statutorily prescribed time period, and seeking the disclosure and release of agency records improperly withheld by Defendant. In support thereof, Plaintiff alleges and states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B), 5 U.S.C. § 552(a)(6)(C)(i), and 28 U.S.C. § 1331, because this action arises under FOIA, and Plaintiff has exhausted its administrative remedies.

1

2.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(e) and 5 U.S.C. § 552(a)(4)(B).

3.      This Court has authority to award injunctive relief pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 2202.

4.      This Court has authority to award declaratory relief pursuant to 28 U.S.C. § 2201.

## PARTIES

5.      Plaintiff, with offices at 201 Maryland Avenue, N.E., Washington, DC 20002, is a not-for-profit 501(c)(3) organization dedicated to the defense of constitutional liberties secured by law. Plaintiff's mission is to educate, promulgate, conciliate, and where necessary, litigate, to ensure that those rights are protected under the law. Plaintiff also regularly monitors governmental activity with respect to governmental accountability. Plaintiff seeks to promote integrity, transparency, and accountability in government and fidelity to the rule of law. In furtherance of its dedication to the rule of law and public interest mission, Plaintiff regularly requests access to the public records of federal, state, and local government agencies, entities, and offices, and disseminates its findings to the public.

6.      Defendant NSA is an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1) and is headquartered at 9800 Savage Rd., Suite 6932, Ft. George G. Meade, MD 20755-6000. Defendant NSA is in control and possession of the records sought by Plaintiff.

## FACTUAL ALLEGATIONS

7.      Plaintiff summarized its request to Defendant NSA as follows: "this Request seeks records pertaining to any and all requests former National Security Advisor Susan Rice made to National Security Agency ('NSA') officials or personnel regarding the 'unmasking' of the names and/or any other personal identifying information of then candidate and/or President-elect

Donald J. Trump, his family, staff, transition team members, and/or advisors who were incidentally caught up in U.S. electronic surveillance. Pl.'s NSA FOIA Request Ex. A, 1.

8. Plaintiff set forth a "Background" section in its request addressing certain relevant contextual information, to the extent known, that contributes to the reasonableness of the records sought, as contemplated by NSA FOIA regulation 32 CFR 299.2(a)(1).. *See* Pl.'s Ex. A, at 1. Said Request are hereby incorporated as if fully set forth herein.

9. Plaintiff identified, in each of its FOIA requests, the specific records it seeks. Pl.'s Ex. A, at 3-8.

10. Plaintiff specified in its FOIA request that the term "record" includes "any information" that qualifies under FOIA, 5 U.S.C. § 552(f), and provided a non-exhaustive list of types of information to be included in the term "record." *See* Pl.'s Ex. A, at 3.

11. Plaintiff further specified in its FOIA request the applicable definitions of the terms "briefing" and "NSA official." Pl.'s Ex. A, at 3.

12. Plaintiff specified in its FOIA request that, unless otherwise indicated, the timeframe of records requested is January 20, 2016, to January 20, 2017. Pl.'s Ex. A, at 3.

13. In its FOIA request, Plaintiff requested that the Defendant agency support all denials by reference to specific FOIA exemptions and provide any judicially required explanatory information, including but not limited to, a *Vaughn* Index. Pl.'s Ex. A, at 8.

14. In its FOIA request, Plaintiff asserted its entitlement to expedited processing and a waiver of all associated fees, as explained in a memorandum accompanying the request and referenced therein, and reserved its right to appeal any agency withholding of records and/or any agency denial of Plaintiff's request for expedited processing and a waiver of fees. Pl.'s Ex. A, at 6.

15.     Plaintiff sent its NSA FOIA request to Defendant NSA's FOIA/PA Office. *See* Pl.'s Ex. A, at 1.

16.     According to Defendant, it received Plaintiff's FOIA request letter on April 18, 2017. Pl.'s Ex. B, at 1 (Defendant Letter, April 28, 2017).

17.     By letter dated April 28, 2017, Defendant NSA notified Plaintiff that its request for expedited processing had been "accepted," and that Plaintiff's FOIA request had been assigned Case number 101383. In this same letter, Defendant NSA notified Plaintiff that it does "not know if there will be assessable fees. Therefore, we have not addressed your fee category or your request for a fee waiver at this time." Pl.'s Ex. B, at 1.

20.     Defendant NSA did not notify Plaintiff, within 20 days (excepting Saturdays, Sundays, and legal public holidays) of receipt of Plaintiff's request, of Defendant's determination and the reasons therefor.

21.     Defendant NSA did not inform Plaintiff, within 20 days (excepting Saturdays, Sundays, and legal public holidays) of receipt of Plaintiff's request, of the scope of the documents Defendant NSA had determined it would produce.

22.     Defendant NSA did not inform Plaintiff, within 20 days (excepting Saturdays, Sundays, and legal public holidays) of receipt of Plaintiff's request, of the scope of the documents Defendant NSA had determined it would withhold under any FOIA exemptions.

23.     Defendant NSA did not inform Plaintiff of any unusual circumstances requiring an extension of the 20-day time period referenced in the three preceding paragraphs.

24.     Plaintiff also separately sent its FOIA request to the Department of Justice (DOJ), which by letter of March 17, 2017, acknowledged receipt of Plaintiff's FOIA request and informed

Plaintiff of "unusual circumstances" requiring extension of the time limit to respond beyond the ten additional days provided by statute.

## CAUSE OF ACTION

### COUNT I
### Violation of the Freedom of Information Act, 5 U.S.C. § 552

31. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 24 of this Complaint as if fully stated herein.

32. The federal FOIA establishes a 20-day deadline by which a federal agency must make and issue a determination regarding compliance with a request for records made pursuant to the statute. 5 U.S.C. § 552(a)(6)(A)(i).

33. Pursuant to 5 U.S.C. § 552(a)(6)(A), Defendant was required to determine whether to comply with Plaintiff's request within twenty (20) days, excepting Saturdays, Sundays, and legal public holidays. Pursuant to this same provision, Defendant was also required to notify Plaintiff immediately of such determination and the reasons therefor.

34. Pursuant to 5 U.S.C. § 552(a)(6)(A), the 20-day period commenced on April 18, 2017. Excluding weekends, Defendant NSA was required to make its determination and provide Plaintiff with the requisite notifications by May 15, 2017.

36. As of the date of this Complaint, Defendant has failed to notify Plaintiff of any determination or the reasons therefor.

37. As of the date of this Complaint, Defendant has failed to produce any records responsive to Plaintiff's requests, indicate when any responsive records will be produced, or demonstrate that responsive records are exempt from production.

38. Defendant has not requested information from the Plaintiff that would toll the 20-day period as contemplated by 5 U.S.C. § 552(a)(6)(A)(i)(I).

39. FOIA permits a federal agency, in unusual circumstances, to extend the 20-day response deadline for a period not to exceed ten (10) additional working days. 5 U.S.C. § 552(a)(6)(B).

40. Defendant has not asserted the existence of any "unusual circumstances." As such, Defendant has not implicated the tolling provision set forth in 5 U.S.C. § 552(a)(6)(B)(i).

41. There are no "unusual circumstances" that justify Defendant's prolonged delay in responding to Plaintiff's lawful FOIA request.

42. Plaintiff has a statutory right to have Defendant process Plaintiff's FOIA requests in a timely manner and in accordance with the requirements set forth in 5 U.S.C. § 552(a)(6).

43. Defendant is unlawfully withholding records requested by Plaintiff pursuant to 5 U.S.C. § 552.

44. FOIA provides a cause of action for a complainant from whom a federal agency has withheld requested records. 5 U.S.C. § 552(a)(4)(B).

45. Through its continued delay and failure to properly respond to Plaintiff's lawful request for records, and its improper withholding of such requested records, Defendant has failed to comply with FOIA's prescribed deadlines for responding to a request for records and has violated Plaintiff's statutory rights.

46. Pursuant to 5 U.S.C. § 552(a)(6)(C), because Defendant failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A), Plaintiff is deemed to have exhausted any and all administrative remedies with respect to its FOIA requests.

47. Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of requested records, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform their conduct to the requirements of the law.

## **PRAYER FOR RELIEF**

48. WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendant NSA, and provide Plaintiff with the following relief:

(a) An Order that Defendant issue a determination and that Defendant shall conduct a diligent and expedited search for any and all records responsive to Plaintiff's FOIA requests and demonstrate that they employed reasonable search methods most technologically likely to lead to the discovery of records responsive to Plaintiff's FOIA requests, selected from among those methods available to Defendant;

(b) An Order that Defendant produce, by a date certain and in an expedited fashion, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption;

(c) An Order enjoining Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request;

(d) A declaratory judgment that Defendant's actions violated Plaintiff's statutory rights under 5 U.S.C. § 552;

(e) An Order awarding to Plaintiff its reasonable attorney fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and,

(f) An Order granting to Plaintiff all further relief to which Plaintiff may be entitled.

Dated: July 18, 2017.                    Respectfully submitted,

THE AMERICAN CENTER FOR LAW AND JUSTICE

JORDAN SEKULOW (D.C. Bar No. 991680)
STUART J. ROTH (D.C. Bar No. 475937)
ANDREW J. EKONOMOU[*]
COLBY M. MAY (D.C. Bar No. 394340)
CRAIG L. PARSHALL[*]
ABIGAIL A. SOUTHERLAND (TN Bar No. 26608)
CARLY F. GAMMILL (D.C. Bar No. 982663)
MATTHEW R. CLARK (D.C. Bar No. 1028379)

/s/ *Benjamin P. Sisney*
BENJAMIN P. SISNEY (D.C. Bar. No. 1044721)
201 Maryland Avenue, N.E.

---

[*]Application for admission *pro hac vice* pending.

Washington, D.C.  20002
Telephone: (202) 546-8890
Facsimile: (202) 546-9309
Email: bsisney@aclj.org
*Counsel for Plaintiff*